IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY MOTEN PAYNE SR.,

        Plaintiff,

vs.                                          Case No. 20-3299-SAC

FNU LANGFORD, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration at the Ellsworth Correctional Facility (ECF) and the Lansing Correctional Facility (LCF).  Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1]  This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  Erickson v.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

2

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff alleges that after a "riotous situation" developed at ECF, he was transferred from ECF to LCF on June 10, 2020, when LCF was a COVID-19 hotspot with more than 4/5ths of the prison population infected. Thereafter, plaintiff contracted COVID-19. Plaintiff alleges that he was the only ECF inmate transferred to LCF. He claims defendants' conduct violated his Eighth Amendment rights against cruel and unusual punishment and his Fourteenth Amendment rights to equal protection.

Plaintiff names the following defendants: FNU Langford, Warden at ECF; FNU Moral, a Major at ECF; "Corizon", the health

provider at ECF; FNU Wildermuth, unit team manager at LCF; and FNU Meyer, Warden at LCF.

Plaintiff's requests $75,000.00 for mental distress. He also asks that defendants resign from their positions in the Kansas Department of Corrections.

III. Improper relief

Plaintiff does not seek relief which this court could properly grant. Even assuming that plaintiff has stated an actionable claim, he would nonetheless be prevented from recovering monetary damages in this suit, as he alleges no physical injury as a result of the violations he claims, only mental distress. See 42 U.S.C. § 1997e(e) (prohibiting prisoner suit for mental or emotional injury absent showing of physical injury). Plaintiff also seeks the termination of defendants from their jobs. This, however, would not provide relief for any injury allegedly suffered by plaintiff. So, it is not an appropriate remedy in this case. See Lewis v. Casey, 518 U.S. 343, 358-60 (1996)(court should not impose remedy beyond scope of the particular constitutional injury).

IV. Equal protection

To allege an equal protection violation, plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class

4

membership. To proceed upon an equal protection claim as a "class-of-one plaintiff", there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. Haik v. Salt Lake City Corp., 567 Fed.Appx. 621, 631-32 (10th Cir. 2014); Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011). Plaintiff's complaint fails to make such allegations. Therefore, plaintiff's equal protection claim is subject to dismissal.

V. Personal participation

Personal participation in a constitutional violation is essential for individual liability under § 1983. Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). Liability may not be based upon a defendant's supervisory position unless there is some "affirmative link" between the constitutional deprivation and the supervisor's exercise of control or direction or his failure to supervise. Id. Nor may the court find personal participation on the grounds that a grievance was improperly considered. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009); see also; Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct).

The complaint does not allege facts demonstrating that each defendant took an affirmative action with deliberate indifference

5

to the risk of serious injury to plaintiff or with the intention to deny plaintiff the equal protection of the laws. This is especially so with defendant Corizon.[2] Also, plaintiff alleges only that defendants Langford, Moral and Meyer held responsible positions at ECF and LCF. He does not allege that they personally directed or participated in plaintiff's transfer from ECF to LCF or plaintiff's treatment at LCF.

VI. Amended complaint

The court shall give plaintiff an opportunity to file an amended complaint to cure the deficiencies discussed in this order. If plaintiff chooses to do so, he should use the forms supplied by this court. D.Kan.R. 9.1(a)&(f). In completing the forms, the court requests that plaintiff answer that portion which requests information concerning whether plaintiff sought administrative relief.

VII. Conclusion

In conclusion, the court finds that the complaint does not seek relief which the court can properly order, that plaintiff has failed to state an equal protection claim, and that plaintiff has not alleged that most defendants were personally involved in actions which caused injury to plaintiff. The court shall grant

---

[2] Plaintiff alleges that Corizon was negligent, but negligence is not a basis for liability under § 1983; there must be a deliberate deprivation of constitutional rights. Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).

plaintiff time until April 23, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court and the court asks that plaintiff address the question of administrative relief as stated in the forms.  The court requests the Clerk to transmit a copy of § 1983 forms to plaintiff along with a copy of this order.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge